UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELTROIT DIRECTIONAL OPPORTUNITIES
MASTER FUND LIMITED, *et al.*,

Plaintiffs,

-v-

SELECTA GROUP B.V., *et al.*,

Defendants.

1:25-CV-08956 (JPO)

PROTECTIVE ORDER

J. PAUL OETKEN, United States District Judge:

WHEREAS all of the parties to this action who have appeared (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order (hereinafter

"Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.    The person producing any given Discovery Material may designate as "Confidential" only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

    (a)    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b)    previously nondisclosed material relating to ownership or control of any non-public company;

    (c)    any information of a personal or intimate nature regarding any individual; or

    (d)    any other category of information hereinafter given confidential status by the Court.

3.    The person producing any given Discovery Material may designate as "Highly Confidential" only such portion of such material the disclosure of which could result in significant commercial or competitive harm to the producing party or producing nonparty, which such producing party or producing nonparty reasonably believes contains any of the following categories of information:

    (a)    competitively sensitive business information including, without limitation: (i) trade secrets; (ii) information reflecting recent, current, or future business and marketing plans and activities; (iii) information reflecting recent, current, or future research and development activities; (iv) financial valuations and credit assessments; (v) business plans; and (vi) confidential information relating to any ongoing government investigation or action;

    (b)    highly sensitive pricing and/or trading information; or

    (c)    information obtained from a third party pursuant to a nondisclosure agreement or subject to a similar contractual confidentiality provision requiring designation as Highly Confidential, unless the third party to such agreement permits a different designation in writing.

4.    With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" in accordance with paragraphs 2 and 3 above by stamping or otherwise clearly marking as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" the protected portion in a manner that will not interfere with legibility or audibility.

5.    With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" either by (a) indicating on the record during the deposition that a question calls for "Confidential" or "Highly Confidential" information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential" or "Highly Confidential"(the "Notice of Designation"), in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter.  During the 30-day period following the conclusion of a deposition (the "Designation Period"), the entire deposition transcript will be treated as if it had been designated Confidential unless (a) all parties agree on the record at the time the deposition testimony is taken that the deposition testimony shall not be treated as Confidential Discovery Material; or (b) a party or nonparty requests on the record at the time the deposition testimony is taken that the deposition testimony be treated as Highly Confidential during the Designation Period, in which case all testimony from that deposition shall be treated as Highly Confidential during the Designation Period. Within the Designation Period, a party or nonparty may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated as Confidential or Highly Confidential, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential or Highly Confidential information, unless otherwise ordered by the Court.

6.    If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as "Confidential" or "Highly Confidential", she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as "Confidential" or "Highly Confidential" under the terms of this Protective Order.

7.    No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

(a)    the Parties to this action, their insurers, and counsel to their insurers;

(b)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)    as to any document, its author, its addressee, or any other person indicated on the face of the document as having received a copy, or any person whom counsel can demonstrate by electronic mail records or other means had access to the document in the ordinary course of their employment;

(f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)    stenographers engaged to transcribe depositions conducted in this action; and

(i)    this Court, including any appellate court, and the court reporters and support personnel for the same.

8.    No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Highly Confidential" to any other person whomsoever, except to:

(a)    outside counsel of record retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter, and

(b)    those persons identified in subparagraphs 7(c), 7(d), 7(e), 7(g), 7(h), and 7(i).

9.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(g) or 7(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

4

10.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

11.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) beyond the limits set forth in this Order may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

12.     A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party.  Within five business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose or in connection with any other litigation or proceeding.  Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this  Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

14.     Nothing in this Protective Order  will  prevent  any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

15.     All persons seeking to file redacted documents or documents under seal with the Court shall comply with this Court's Individual Rules and Practices in Civil Cases.  No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers.  All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed

in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

16.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as "Confidential" or "Highly Confidential".

17.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

18.     Each person who has access to Discovery Material that has been designated as "Confidential" or "Highly Confidential" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event of any disclosure of Confidential Discovery Material contrary to the terms of this Order, a party who is aware of such disclosure shall promptly communicate to the producing Party that such disclosure has occurred.

19.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed. Within five business days of the certification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

20.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the

producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

21. This Protective Order shall survive the termination of the litigation. Within 30 days after the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential" and all copies thereof, shall be promptly returned to the producing person. Alternatively, upon permission of the producing person, all Confidential Discovery Material, and all copies thereof, shall be destroyed. In either event, by the 30-day deadline, the recipient must certify the return or destruction of all Confidential Discovery Material, and all copies thereof, by submitting a written certification to the producing Party that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

22. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

[*Remainder of page left intentionally blank.*]

SO STIPULATED AND AGREED.

By: */s/   Victor Noskov*
      Victor Noskov
      **Quinn Emanuel Urquhart & Sullivan, LLP**

      *Counsel for Defendants Selecta Group B.V., Selecta AG, Selecta Holding SAS, Selecta SAS, Selecta Nordic Holding AB, Selecta AB, Selecta UK Holding Limited, Selecta U.K. Limited, Selecta Finance UK Limited, Pelican Rouge Coffee Roasters, B.V., Selecta Belgium NV, AB Servicios Selecta Espana S.L.U., and Selecta Italia S.P.A.*

By: */s/   Ariel N. Lavinbuk*
      Ariel N. Lavinbuk
      **Herbert Smith Freehills Kramer (US) LLP**

      *Counsel for Diameter Master Fund LP, DCP Tree LP, and Diameter Dislocation Master Fund II LP*

By: */s/   Clay J. Pierce*
      Clay J. Pierce
      **Faegre Drinker Biddle & Reath LLP**

      *Counsel for Plaintiffs*

By: */s/   Alexander B. Lees*
      Alexander B. Lees
      **Milbank LLP**

      *Counsel for Invesco Credit Partners Master Fund III, LP, Invesco Credit Partners Master Fund II, LP, Invesco Credit Partners Opportunities Fund 2020, L.P., Invesco Floating Rate ESG Fund, Invesco Senior Floating Rate Fund, Invesco Zodiac Funds – Invesco US Senior Loan Fund, Invesco Credit Partners Opportunities Fund 2023, L.P., Invesco Zodiac Funds – Invesco European Senior Loan Fund, Invesco Senior Income Trust, Invesco Senior Loan Fund, Invesco Dynamic Credit Opportunity Fund, Man Funds VI plc – Man High Yield Opportunities, St James's Place Diversified Bond Unit Trust, Man Fixed Interest ICVC – Man High Yield Opportunities Fund, Mediolanum Strategia Euro High Yield, Man Funds XII SPC – Man 1783 II SP, Man Global Credit Opportunities, Man GLG Credit Opportunities Drawdown 1 LP, Man Funds VI plc – Man European High Yield Opportunities, Man Multi-Strategy Master Fund, Man Funds VI plc – Man Credit Opportunities Alternative, Man International ICVC – Man Dynamic Allocation Fund, Man Diversified Credit Master SPC – Man Diversified Credit SP I, Investeringsforeningen BankInvest – Virksomhedsobligationer HY KL, and Strategic Value Partners LLC*

8

_____
J. PAUL OETKEN
United States District Judge

So ordered.

Date: April 23, 2026

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**DELTROIT DIRECTIONAL OPPORTUNITIES**
**MASTER FUND LIMITED,** *et. al.,*
                                    Plaintiffs,

-v-

**SELECTA GROUP B.V.,** *et. al.,*
                                    Defendants.

1:25-CV-08956 (JPO)

NONDISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____